CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 04 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL J. KEYSTONE, | CASE NO. 7:13CV00399 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| P. SCARBERRY, ET AL., | By: James C. Turk |
| | Senior United States District Judge |
| Defendant(s). | |

Randall J. Keystone, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials are not providing him sufficient food, in violation of his constitutional rights. The court finds that the action must be summarily dismissed as frivolous.

I

Liberally construing Keystone's all but illegible complaint,[1] Keystone alleges that since Defendant Scarberry took over as Food Service Director at Red Onion State Prison, he has not received sufficient food. He asserts that he is complaining the food situation as an unconstitutional condition, not as a medical problem. Keystone complains, for example, that fruit juice is sometimes substituted for fresh fruit, two slices of bread appear on his tray when the menu calls for biscuits, and condiments, such as salt, pepper, and mustard, are often omitted from his tray altogether. He also complains that he does not receive as many food items or portions as large as he did in the past, that the kitchen repeatedly serves carrots and cabbage

---

[1] Keystone's complaint starts out on a § 1983 form, but he ignores the form's requirement to list claims in numbered paragraphs. His handwritten allegations wander, in stream of consciousness style, from the top edge of the paper to the bottom edge and out to the side edges of each page, without a single paragraph number or indention. Pleadings submitted in this form are nearly impossible to scan into the court's electronic filing system, as required. Keystone is advised that as a pro se litigant, he is not excused from following basic format requirements.

instead of the variety of vegetables previously served, and that the only type of jelly provided is apple. He accuses Scarberry of "skimping" on inmates' food and complains that the warden prohibited officers from offering inmates extra meal trays in exchange for losing a privilege, like recreation.

Keystone states that he is 50 years old, six feet tall, and weighs between 130 and 135 pounds, by his own estimate; he claims he weighed 175 pounds when he arrived at Red Onion in 2002. He says that inmates call him "Boney-Stoney" because of his thinness. He alleges that in the last several months, he has lost weight and sleep, and has experienced constipation, light-headedness, and lack of energy, to the point that he "avoids showers and outside recreation," all of which he blames on lack of proper food. Keystone has approached medical staff about his weight loss, but they did not identify his situation as a medical problem, based on their records showing that Keystone weighed only 145 pounds when he was first incarcerated. As relief in this action, Keystone seeks monetary damages and injunctive relief directing that the warden and Scarberry be replaced and that Red Onion be ordered to provide inmates with adequate food service.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's allegations do not state an actionable claim unless he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (finding dismissal appropriate where plaintiff's factual allegations do

not support "plausible" claim for relief). The court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true," but need not assume the veracity of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). A "frivolous" claim is one "based on an indisputably meritless legal theory" or based on "factual contentions are clearly baseless."

To state a claim regarding unconstitutional conditions of confinement, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An important element of such a claim is the likelihood that the potential injury to health will actually occur. Helling v. McKinney, 509 U.S. 25, 33-36 (1993) (regarding unreasonable health risks of exposure to environmental tobacco smoke).

Keystone fails to state facts indicating that the nature or quantity of the food served to him at Red Onion has caused or is likely to cause him any serious harm. His own allegations indicate that the situation he presents is "not a medical problem" and that medical personnel found no cause for concern over his purported weight loss or his thin appearance. Indeed, he states that he exercises daily and has a high metabolism. Nor does he present any factual basis for his speculation that the food service problems he identifies have caused his alleged loss of sleep and energy or that these conditions present any risk of serious harm. Rather, Keystone's complaints about the contents of the Red Onion meals are nothing more than dissatisfaction with

the food selections and must be summarily dismissed under § 1915A(b)(1) as frivolous.[2] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4th day of September, 2013.

/s/ James C. Turk
Senior United States District Judge

---

[2] As an alternative ground for dismissal of the action, the court notes that Keystone fails to state facts demonstrating that he exhausted the available administrative remedies as to his claim that insufficient food and nutrition are causing or will cause him harm. See 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies before filing federal civil action regarding prison conditions). The grievances Keystone presents in this action concern only his dissatisfaction over condiments and the types of bread and fruit served.